**UNITED STATES of America,**
**Plaintiff,**
**v.**
**UNIVERSITY NATIONAL BANK,**
**Defendant.**

**No. 64C193.**

United States District Court
N. D. Illinois, E. D.

April 14, 1964.

Frederick E. McLendon, Jr., Asst. U. S. Atty., Chicago, Ill., for plaintiff.

William H. Leigh, Chicago, Ill., Mayo Leigh & Hinchcliff, Chicago, Ill., of counsel, for defendant.

WILL, District Judge.

The plaintiff United States of America has moved for summary judgment against defendant University National Bank in a suit brought before this Court under the provisions of § 1345, Title 28, U.S.C.

On or about October 29, 1959, the defendant bank was an insured financial institution as defined in Title I of the National Housing Act, 12 U.S.C. § 1701 et seq., and as such assigned and delivered to the United States a promissory note dated July 23, 1957, payable by the makers Jose R. Flores and Martha Flores to C. Herrington & Sons which had been endorsed in August, 1957, by the payee to the order of the defendant. In assigning the note to the plaintiff, the defendant executed thereon its express warranty:

"All right, title and interest of the undersigned is hereby assigned (without warranty except that the note qualifies for insurance) to the UNITED STATES OF AMERICA."

The assignment and warranty by defendant was part of its claim for reimbursement for loss pursuant to Title I of the National Housing Act, supra, and

the regulations thereunder, 24 C.F.R. § 201.1 et seq. Under that Act and those provisions, a note, to be qualified for insurance, must "be valid and enforceable against the borrower or borrowers." The Flores had executed their note as "borrowers" within the meaning of the above.

After receiving the note from the defendant, together with documents in support of the defendant's claim, the plaintiff, by its agency the Federal Housing Administration, certified the claim for payment and paid the sum of $3,623.88 to the defendant.

Upon payment to defendant, plaintiff sought to enforce the note against the makers, the Flores. A civil suit, United States v. Jose R. and Martha Flores, Civil No. 3333, was filed in the United States District Court for the Northern District of Indiana, Hammond Division. Following trial of the issues, judgment was entered in favor of the Flores. Based on Findings of Fact entered simultaneously, the Indiana court made the following Conclusions of Law:

"6. When the University National bank 'purchased' the note in question on August 15, 1957, it reserved payment of consideration for a six-day period for the express purpose of ascertaining whether or not there was 'any infirmity in the instrument or defect in the title of the person negotiating it.' The day following the 'purchase', the bank was expressly informed by the defendant, Martha Flores, that Herrington had failed to perform the contract upon which the note was executed. This constituted notice to the bank of an 'infirmity' or 'defect of title' such as to prevent the bank from becoming a holder in due course. Since the bank did not disburse the proceeds of the note until the expiration of six days, the note was not negotiated until that time even though the 'purchase' had taken place on August 15, 1957.

"7. The bank had notice of an 'infirmity' or 'defect in the title' before it accepted the note. Therefore, the University National Bank was not a holder in due course. Consequently, the United States does not derive its title through a holder in due course. A person, other than a holder in due course, holds the instrument subject to the same defenses as if it were non-negotiable. Ind.Ann.Stat. § 19–408.

"8. The United States holds the note subject to the defense of non-performance of the contract by Herrington. Herrington clearly failed to perform the contract. Therefore, the United States is not entitled to recover in this action."

The Indiana court having found the note unenforceable against the maker, the plaintiff demanded payment of the defendant in the amount of $3,623.88. Upon defendant's refusal to pay, plaintiff brought this suit, alleging a breach of warranty and misrepresentation. The defense urges that the Findings of the Indiana court are not binding upon it, that it did not have proper notice of the Indiana proceeding, and that the case against the Flores was mishandled by the government attorney assigned to it, hence giving the defendant the right to relitigate the question of whether the bank was a holder in due course.

This case is substantially similar to Citizens National Trust & Savings Bank of Los Angeles v. United States, 270 F.2d 128 (9th Cir. 1959). That case, also arising out of the United States' role as an insurer under the National Housing Act, followed the two stage pattern of the case before this Court. In its initial suit against one Bashore, the United States was found not to be a holder in due course as against the maker, having received the note there in question from a bank which had notice of defects in the note. In the second stage, the United States' suit against the bank for breach of warranty, the trial court accepted as conclusive the findings made by the court in the earlier case against Bashore.

Affirming this action by the trial court, the Citizens opinion states:

"It is well established that where a question of fact, or a mixed question of fact and law, essential to a judgment is actually litigated and determined by a valid and final judgment, the determination is conclusive between the parties and their privies in a subsequent but different cause of action involving the same facts. [Citing numerous cases] Since this is the law, it is apparent that the determination of fact made by the trial judge in Bashore is binding on the parties to this suit, because, as we have said, the same facts are present in both suits and the government and the bank are in privity. It is clear that there was an insurer-insured relationship between them under the provisions of the National Housing Act, as well as an assignor-assignee relationship stemming from the assignment of the note to the United States by the bank, which carried the express warranty that the note was insurable. Because of this, and because the determination that the note was not valid and enforceable was necessary to the Bashore judgment, we hold that under the doctrine of collateral estoppel the findings in Bashore are binding on the appellant in the instant case." Id., 270 F.2d at 131–132.

There is ample precedent for the above holding. In Southern Pac. R. Co. v. United States, 168 U.S. 1, 18 S.Ct. 18, 42 L.Ed. 355 (1897), the first Mr. Justice Harlan wrote as follows:

"The general principle announced in numerous cases is that a right, question, or fact distinctly put in issue, and directly determined by a court of competent jurisdiction, as a ground of recovery, cannot be disputed in a subsequent suit between the same parties or their privies; and, even if the second suit is for a different cause of action, the right, question, or fact once so determined must, as between the same parties or their privies, be taken as conclusively established, so long as the judgment in the first suit remains unmodified. This general rule is demanded by the very object for which civil courts have been established, which is to secure the peace and repose of society by the settlement of matters capable of judicial determination." Id., 168 U.S. at 48–49, 18 S.Ct. at 27, 42 L.Ed. 355.

The defendant seeks to distinguish *Citizens* on the ground that at the Bashore trial, the initial proceeding against the maker of the note, the bank's counsel was present though, as here, the bank was not a party to the suit and counsel did not participate in the trial. It also urges that it was not given adequate notice of the Indiana proceeding. The affidavits submitted by the parties indicate that the bank received notice of the *Flores* case on the day before the trial. There was sufficient time to secure the documents which were subpoenaed for that trial. Moreover, an employee of the bank was present and testified at the trial. The failure of the bank to advise its counsel of the pendency of that proceeding, to ask leave to intervene or to take other action to protect its interests, cannot now be grounds for this Court to reexamine facts already ruled upon in a sister federal court. Nor are the allegations regarding the competence of the Assistant United States Attorney who tried the Indiana case sufficient to warrant retrial of the questions there decided.

The defendant having admitted the execution of the warranty, no issue remains as to any material fact. Thus, in view of the foregoing, the motion of the United States will be granted and judgment entered in the amount of $3,623.88.

An order consistent with the above will be entered.